KALB v. REDWOOD.

(Supreme Court, Appellate Division, Second Department. November 17, 1911.)

1. HIGHWAYS (§ 184*)—COLLISION OF AUTOMOBILE WITH PEDESTRIAN—NEG-
LIGENCE—EVIDENCE.

Evidence in an action for injury to the motorman of an electric car on a single track line with switches, who, on the stopping of the car at a switch, after getting off the right-hand side of it, and passing in the rear of it, and while crossing to the signal light at the switch on the left, was struck by an automobile coming from the rear, *held* to warrant a finding of negligence in not discovering his peril, and avoiding him.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 184.*]

2. HIGHWAYS (§ 184*)—COLLISION OF AUTOMOBILE WITH PEDESTRIAN—CON-
TRIBUTORY NEGLIGENCE—EVIDENCE.

Evidence in such action held to make a question for the jury whether the motorman was guilty of contributory negligence, though he did not look for the automobile.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 184.*]

Burr, J., and Jenks, P. J., dissenting.

Appeal from Trial Term, Queens County.

Action by George Kalb against Agnes F. Redwood. From a judgment for plaintiff, and from an order denying a motion for new trial on the minutes, defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

George L. Shearer (Williamson Pell, on the brief), for appellant.
George V. S. Williams, for respondent.

WOODWARD, J. The complaint alleges negligence on the part of the defendant in the operation of an automobile, by reason of which the plaintiff was knocked down and seriously injured. The verdict of the jury is in favor of the plaintiff, and the learned trial justice has denied a motion for a new trial.

The plaintiff's story of the accident, which has been accepted by the jury, is that he was a conductor upon a trolley car running from Jamaica to Far Rockaway; that this was a single-track line, with switches at intervals; that at each of these switches the road was equipped with signal lights, attached to the trolley poles at the side of the road, and that it was the conductor's duty to leave his car at these switches, turn on the light, indicating that he had passed the switch,

and continue on his trip; that at the point of the accident the car had slowed down; that the conductor stepped from the middle right-hand side of his car, and started to run around the rear end of the same to reach the signal light on the pole at the left-hand side of the road opposite the car; that, as he faced to the rear, he saw defendant's car in the rear of the trolley car at a distance of about 25 feet; that he passed in the rear of the trolley car, thinking the defendant would drive to the right-hand side of the trolley car, and crossed diagonally toward the signal light, keeping his eye upon the same to see if the car coming in the opposite direction.had changed the signal; and that, when about five or six feet from the trolley car, he was struck by the motor car, running at the rate of six to ten miles an hour, and injured.

[1, 2] It is urged that the facts as testified to by the plaintiff and his witnesses constituted contributory negligence as a matter of law, and we are asked to overturn the verdict of the jury upon this point, and upon the further suggestion that there is a failure to show negligence on the part of defendant in the operation of the motor car. It appears that the roadway was sandy and rough; that the car had been in the company of the trolley car for some distance, passing the trolley car when the latter stopped to accommodate its passengers, and dropping to the rear when the trolley car got under way; that the conductor had stopped and made these signal changes several times; and that at the time of the accident the defendant was some distance in the rear of the trolley car when the conductor got upon the ground on the right-hand side of the car.

The plaintiff, who evidently is not accurate in estimating distances, says it was 25 feet away when he reached the ground from the center of his car, though he apparently modifies this, and says that he was running toward the rear, and was 6 or 8 feet from the rear of his car when he saw the motor car 25 feet away, but the undisputed testimony of witnesses is that the plaintiff had reached a point over the switch track and into the traveled way some 5 or 6 feet when he was struck, so that it must have been a much longer distance away than the plaintiff testifies when he first saw it. The motor car appears to have been directly behind the trolley car, and the plaintiff's explanation that he thought the motor car was going to pass to his right is not an unreasonable one, when we take into consideration other portions of the testimony, to the effect that there was not room for passing on the switch side. It is entirely clear that the plaintiff passed between the motor car and the trolley car, if the plaintiff got out from the right-hand side of the car, and he must have been directly within the line of vision of the defendant's driver, and, if defendant's car was only running at the rate of 10 miles an hour in a sandy, rough, road, the jury might very properly find that it was negligent for defendant's driver not to have discovered the plaintiff's danger, and avoided it by stopping the car.

The law of the road is not such an absolute rule that the plaintiff was bound to presume that the defendant would pass a trolley car upon the left-hand side, regardless of the conditions existing at a particular point; and it may be gathered from the evidence that the right-hand

side of the trolley track afforded the better side for passing, as the left-hand side was occupied by a switch track, and the plaintiff says there was no room to pass on that side. If he looked and saw that he had room to pass around the rear end of the trolley car, and had a right to assume that the motor car would pass to the right-hand side, it was not contributory negligence as a matter of law for the plaintiff to keep his eyes upon the signal light, and to run across the roadway to give his signal without paying further attention to the driver of the motor car. A man in the discharge of his duties has a right to rely in some measure upon other people discharging their duties toward him, and it was a proper question for the jury whether the plaintiff, who was in full view of the chauffeur, had exercised that degree of care which the circumstances demanded. The plaintiff was busy. He was looking out for the safety of the operation of his car, and, as he was in full view of the defendant's driver all of the time while he was passing over two of the trolley tracks, with the intervening space between, and some little distance besides, he might safely assume that the chauffeur would take the ordinary precautions not to run him down, and especially might this be true if the conditions were such that the plaintiff had a right to expect that the defendant would pass to the right of the trolley car in passing. There was a point about which honest men might differ, and it was peculiarly a question for determination by the jury. We ought not to disturb the verdict.

The judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. HIRSCHBERG and RICH, JJ., concur. BURR, J., reads for reversal, with whom JENKS, P. J., concurs.

BURR, J. (dissenting). For injuries sustained by being struck by defendant's automobile, plaintiff brought this action, and has recovered a judgment for $2,639.28. Independently of the question whether the verdict was against the weight of the evidence, I think that the judgment must be reversed for the reason that plaintiff's testimony affirmatively establishes his contributory negligence. Plaintiff was a conductor in the employ of the Long Island Electric Railroad Company, which operated a single-track trolley road from Jamaica to Far Rockaway. He was employed on an open car. When the car reached a switch, it was his duty, as he testified, to get off and "turn a light to signal the car at the switch ahead that I was coming through, so he would stay at the next switch and wait until I got there." Plaintiff's car came to a standstill on the right of the street going to Far Rockaway. The light and the switch that was pulled to turn on the light were at the left-hand side of the road. Plaintiff got off the right-hand side of the car at about the middle thereof. He walked to the rear of the car, a distance of 30 feet, and started to cross the space between it and the light switch. He had proceeded about 10 or 12 feet from his car when he was struck. Before starting to cross the road, he saw the automobile about 25 feet in the rear of the car, coming toward him. His testimony is a little uncertain whether this was as he alighted or when he was in the rear of his car. But there is no doubt that he saw it coming toward him at that distance away. He

did not look at it again, but fixed his eyes on the light, and while he was running across the road he was struck. He says that he did not look toward the automobile again because he thought it would turn and pass his car on the right-hand side. To quote his own words: "I crossed the track, crossed right in front, thinking he was going to take the right-hand side. I was running to pull my light." There was no evidence that the driver of the automobile gave any sign indicating his intention to pass to the right, and the rule of the road required the automobile to pass to the left of the car, and the court so charged the jury.

Plaintiff attempted to claim that the space between the left-hand side of his car and the switch was too narrow for the automobile to pass. The fact that it did pass upon that side demonstrates either that he was careless in his observation or inaccurate in his testimony. Beyond that, it is clear that there was room upon that side for the switch track upon which the car coming from the other direction could pass. If there was room for that, there was room for the automobile. Giving to plaintiff's testimony its fullest effect, and it remains clear that, seeing the automobile approaching his car some 25 feet in the rear thereof, he heedlessly ran directly into its path without looking to see upon which side of his car it was about to pass.